UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL RASHOD HUNTER,<br><br>Plaintiffs,<br><br>v.<br><br>LT. P. TRIPODI, et al.,<br><br>Defendants. | Civil Action No. 25-16193 (SDW) (MAH)<br><br><br>OPINION AND ORDER |

I.     INTRODUCTION

Presently before the Court is the motion by Defendant Sgt. Telmo Silvestre ("Silvestre") to stay proceedings pursuant to *Younger* abstention doctrine. Mot. to Stay, Dec. 15, 2025, D.E. 28. Plaintiff pro se Michael Rashod Hunter ("Plaintiff") opposes the motion. Pl.'s Opp'n, Jan. 12, 2026, D.E. 34. The Undersigned has considered this matter without oral argument. Fed. R. Civ. P. 78; Local Civ. R. 78.1. For the reasons set forth below, the Undersigned will grant Silvestre's motion to stay these proceedings, and administratively terminate this action without prejudice to Plaintiff's right to reinstate it upon resolution of the pending criminal charges against Plaintiff.

II.     BACKGROUND

The following facts are gleaned from Plaintiff's Complaint. D.E. 1, Oct. 1, 2025. Plaintiff alleges that on August 22, 2025, at approximately 1:04 p.m., Defendant Lieutenant Patrick Tripodi ("Tripodi"), of the Essex County Sheriff's Office ("ECSO"), pushed Plaintiff onto an elevator and arrested him after Plaintiff asked to speak to Internal Affairs. D.E. 1, at 3. The Complaint also alleges Silvestre violated Plaintiff's constitutional rights. *Id.* In the area of

the Complaint template designated to fill in party names, Plaintiff also wrote "Tripodi . . . assault [sic] me on the elevator when asked to speak to Internal Affairs . . . Tripodi arrested me and violated my constitutional rights . . . ." *Id.* at 1.  Plaintiff seeks $75,000 in damages from each named Defendant for emotional distress, alleging he was "humiliated," and his liberty and constitutional rights were violated under color of law.

As an exhibit to his Complaint, Plaintiff attached an August 22, 2025 ECSO Investigation Report completed by Sheriff Investigator Devin Perkins ("Perkins"). The ECSO Investigation Report provides a different version of the events leading to Plaintiff's arrest. D.E. 2.  Perkins alleges that Plaintiff requested access to the Essex County Prosecutor's Office, which Silvestre denied. *Id.*  Thereafter, Plaintiff began yelling at Silvestre, who advised Tripodi and Perkins of the situation. *Id.*  After Plaintiff was informed "he needed to leave the premises due to his disorderly behavior," the officers "then called for an elevator" to bring Plaintiff from the third floor to the first floor, which Plaintiff "reluctantly got in." *Id.*  Upon reaching the first floor, Plaintiff still refused to leave the building, leading to his arrest. *Id.*

The State of New Jersey charged Plaintiff by way of criminal complaint on August 22, 2025. *See* Compl. & Summons, *State of New Jersey v. Michael R. Hunter*, D.E. 2, at 2.  The criminal complaint charges Plaintiff with: (i) defiant trespass, in violation of N.J.S.A. 2C:18-3B, and (ii) causing a public inconvenience, annoyance, or alarm, in violation of N.J.S.A. 2C:18-2A(2). *Id.*  Those charges remain pending.

On December 15, 2025, Silvestre filed the instant motion to stay. D.E. 28.  Silvestre argues this Court should decline to exercise jurisdiction over Plaintiff's Complaint, which

2

Silvestre construes as a § 1983 false arrest claim.[1] Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts abstain from enjoining ongoing parallel state criminal proceedings. D.E. 28-1, at 12. Alternatively, Silvestre argues this Court should dismiss the false arrest claim under the ripeness doctrine, which precludes courts from adjudicating a claim that "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* at 16 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Defendant Tripodi has not moved for similar relief.

Plaintiff opposes the motion. Letter, Jan. 12, 2026, D.E. 34. Although Plaintiff argues that a stay would cause him undue prejudice, and unduly delay resolution of this matter, he does not explain the prejudice or why the delay is undue. Instead, Plaintiff principally argues that the reports that ECSO filed in the criminal case are belied by the body camera footage, and therefore the State will not be able to prove the criminal charges. *Id.*

### III. DISCUSSION

"As a general rule, 'a federal court's obligation to hear and decide a case' within its jurisdiction 'is virtually unflagging,' and a court has 'no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" *Borowski v. Kean Univ.*, 68 F.4th 844, 849 (3d Cir. 2023) (quoting *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (internal quotation marks omitted)). But in *Younger v. Harris*, the Supreme Court held that in on-going criminal proceedings, absent limited circumstances, state courts should

---

[1] The Complaint also alleges twice that Tripodi "assaulted" Plaintiff, D.E. 1, at 1, 3, and once that Plaintiff was "pushed . . . onto the elevator," *id.* at 3. Although Plaintiff's Complaint is occasionally difficult to understand, under the Third Circuit "policy of liberally construing pro se admissions," *Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011), the Court may glean that Plaintiff alleges a § 1983 claim for excessive force. During a case-management conference on January 9, 2026, Plaintiff specified that his Complaint includes a claim for excessive force.

3

generally be free from federal court interference. 401 U.S. 37, 41 (1971). The United States Court of Appeals for the Third Circuit has held that there are three requirements to be met before *Younger* abstention may apply: "(1) there must be an ongoing state judicial proceeding to which the federal plaintiff is a party and with which the federal proceeding will interfere, (2) the state proceedings must implicate important state interests, and (3) the state proceedings must afford an adequate opportunity to raise the claims." *Yang v. Tsui*, 416 F.3d 199, 201 (3d Cir. 2005).

Supreme Court and Third Circuit precedent instructs district courts to "stay rather than dismiss claims that are not cognizable in the parallel state proceeding" and "claims for monetary relief that cannot be redressed in the state proceeding." *Deakins v. Monoghan*, 484 U.S. 193, 202 (1988) (citing *Crane v. Fauver*, 762 F.2d 325 (3d Cir. 1985)). Other district courts in the Third Circuit "have issued an administrative closeout order during the pendency of the stay because of the uncertain length of the ongoing proceedings" and "provided deadlines for the parties to reopen the cases at the time when the state proceedings have fully concluded." *Bauer v. Pa. State Bd. of Auctioneer Exam'rs*, 188 F. Supp. 3d 510, 516 (W.D. Pa. 2016) (collecting cases).

There seems to be little dispute that Plaintiff alleges a § 1983 false arrest claim. And, as noted above, Plaintiff also maintains that he had plead a claim for excessive force. There also is no dispute that the Plaintiff's claims arise from the same course of events that culminated in the criminal charges now pending against him in the state court. Because there are ongoing state court proceedings regarding the charges for which Plaintiff was arrested, it would be inappropriate under *Younger* for this court to adjudicate Plaintiff's false-arrest claim. A ruling in Plaintiff's favor could potentially interfere with the state court proceedings. Additionally, the ripeness doctrine could preclude federal court review of a false arrest claim. *See Holloway v.*

*Brechtse*, 279 D. Supp. 2d 613, 616 (E.D. Pa. 2003) ("Because the legitimacy of Plaintiff's claim of false arrest . . . may depend upon proceedings in state court, the ripeness doctrine precludes adjudication on this claim."). Moreover, disposition of Plaintiff's pending criminal charges might elucidate, or even be dispositive of, his false arrest claim.

     A stay also is appropriate as to Plaintiff's excessive-force claim. Unlike a false arrest claim, the adjudication of which in this Court could potentially interfere with the state court proceedings, an excessive force claim is wholly independent of the outcome of the proceedings in state court. Accordingly, the rationale for staying the false arrest claim under *Younger* does not apply to the excessive force claim. *See id.* (holding the plaintiff's remaining claims, including an excessive force claim, survived a motion to dismiss because they were "independent of the outcome of the proceedings in state court"). In another Eastern District of Pennsylvania case, the court held that "[w]hile *Younger* abstention prevents . . . review of . . . claims bound up in the ongoing criminal proceeding against [the plaintiff], abstention does not apply to [the] excessive force claim." *Dent v. Morris*, No. 22-756, 2022 WL 866849, at *7 (E.D. Pa. 2022). On the excessive force claim, the court chose to "proceed with an initial pretrial conference . . . where we may consider staying the trial on the excessive force claim while the Commonwealth and [the plaintiff] proceed with the criminal prosecution." *Id.* at *11. The Court also noted, "We appreciate the parties may not wish to present testimony at this stage which could affect [the plaintiff]'s Fifth Amendment rights or the prosecution's witness testimony given the ongoing criminal prosecution. We can address the timing of discovery and trial date after hearing from the parties." *Id.* at *7.

     On the other hand, considerations of efficient case management under Federal Rule of Civil Procedure 16 warrant staying the excessive-force claim as well. The same interaction

between Plaintiff and Defendants Tripodi and Silvestre that resulted in Plaintiff's arrest on August 22, 2025 provides the factual background for Plaintiff's excessive-force claim. Therefore, the witnesses for both claims will be the same, and the discovery for those claims will substantially overlap. Staying both of Plaintiff's claims at this time will avoid the need to exchange paper discovery and depose fact witnesses twice (e.g., once for the excessive-force claim and again for the false-arrest claim), avoid disputes between the parties about whether the excessive-force discovery intrudes into the subject of false arrest, and thereby streamline discovery.

Finally, the Court does not perceive that staying the claims at this time will prejudice Plaintiff. Upon resolution of the criminal charges, Plaintiff may so notify this Court and request reinstatement of his Complaint. Thereafter, the Court will reconvene the parties and set a schedule for the completion of discovery. The Defendants shall preserve all relevant documents, communications, and video footage pending final disposition of Plaintiff's Complaint.

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, it is on this 22nd day of January 2026,

**ORDERED** that Defendant Silvestre's motion to stay this matter pending disposition of Plaintiff's charges pending in *State v. Michael R. Hunter*, Complaint No. 0714-S-2025-009343 is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this matter from the Court's active docket, without prejudice to Plaintiff's right to re-open the matter upon the resolution of the criminal charges in *State v. Michael R. Hunter*, Complaint No. 0714-S-2025-009343.

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer,**
**United States Magistrate Judge**

**Dated**: January 22, 2026